UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
VINCENT VICARI,                                      :
              Plaintiff,                           :
                                                     :
v.                                                   :     **MEMORANDUM OPINION**
                                                     :     **AND ORDER**
                                                     :
ANDREW SAUL, Commissioner of the Social              :     18 CV 10702 (VB)
Security Administration,                             :
              Defendant.                           :
--------------------------------------------------------------x

Briccetti, J.:

      Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated February 14, 2020 (Doc. #29), on the parties' cross motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Docs. ##16, 26). Because the Administrative Law Judge's ("ALJ") determination to accord little evidentiary weight to certain retrospective opinions was not in error and was supported by substantial evidence, the magistrate judge recommended granting defendant's motion for judgment on the pleadings and denying plaintiff's motion for judgment on the pleadings.

      Plaintiff filed objections to the R&R. (Doc. #34). The Commissioner did not respond.

      For the following reasons, the Court OVERRULES plaintiff's objections and adopts the R&R. Defendant's motion is GRANTED. Plaintiff's motion is DENIED.

      Familiarity with the factual and procedural background of this case is presumed.

I.    Standard of Review

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after

1

being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail.  See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review.  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

II. Objections

Plaintiff objects to certain evidence the magistrate judge considered when determining the onset date of plaintiff's disability, which the Court addresses below.

"The district court's review of the Commissioner's decision regarding disability is limited to a determination of whether the decision is supported by substantial evidence in the record as a whole."  Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).[1]  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  "The Court carefully considers the whole record, examining evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1999).  "Where the

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2

Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the Court] will not substitute [its] judgment for that of the Commissioner." Veino v. Barnhart, 312 F.3d at 586.

Here, plaintiff first argues the magistrate judge erred in basing plaintiff's denial of benefits on plaintiff's failure to receive treatment prior to November 1997. However, Judge Davison did not rest his recommended ruling solely on plaintiff's lack of treatment. He also considered physicians' opinions, plaintiff's statements regarding his reasons for not working, and the Global Assessment Function ("GAF")[2] score plaintiff was assigned. In addition, as Judge Davison noted, "the absence of evidence from the claimed period of disability may itself be considered substantial evidence." R&R at 14 (quoting Johnston v. Colvin, 2015 WL 657774, at *5 n.3 (S.D.N.Y. Feb. 13, 2015)).

Next, plaintiff argues the magistrate judge improperly cited Dr. Fine's testimony as a reason to preclude a March 25, 1997, disability onset date. However, Judge Davison correctly noted that when reviewing an agency's findings of disability, the reviewing court "is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." R&R at 12 (quoting Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012)). The R&R detailed the record evidence the ALJ used when weighing the treating physicians' opinions, including retrospective opinions that contradicted Dr. Fine's testimony. In considering Dr. Fine's testimony, Judge Davison correctly recognized "[t]he opinion of a non-examining source may override that of an examining source, even a treating source, provided the

---

[2] "GAF is a scale that indicates the clinician's overall opinion of an individual's psychological, social, and occupational functioning." Petrie v. Astme, 412 F. App'x 401, 406 n.2 (2d Cir. 2011) (citing American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 376-77 (4th ed. rev. 2000)).

opinion is supported by evidence in the record." R&R at 14 (quoting <u>Maleski v. Comm'r of Soc. Sec.</u>, 2020 WL 210064, at *4 (W.D.N.Y. Jan. 14, 2020)).

Finally, plaintiff argues the GAF score Dr. Rudy assigned plaintiff is unreliable evidence because a high score in one area of psychiatric functioning may skew the overall score of an otherwise disabled individual. However, Judge Davison correctly noted "if evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." <u>Id</u>. (quoting <u>McIntyre v. Colvin</u>, 758 F.3d 146, 149 (2d Cir. 2014)).

Having carefully reviewed the R&R and the underlying record, the Court finds no error, clear or otherwise.

## CONCLUSION

Plaintiff's objections are OVERRULED, and the R&R is adopted in its entirety as the Opinion of the Court.

Defendant's motion for judgment on the pleadings is GRANTED.

Plaintiff's motion for judgment on the pleadings is DENIED.

The case is DISMISSED.

The Clerk is instructed to terminate the motion (Doc. #16), enter Judgment accordingly, and close this case.

Dated: August 31, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge